## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2017, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane H. Conley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Perez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 30, 2017

Court of Appeals Case No.
49A02-1707-CR-1540

Appeal from the Marion Superior Court

The Honorable Jose Salinas, Judge

Trial Court Cause No.
49G14-1509-F6-32919

**Pyle, Judge.**

# Statement of the Case

Andrew Perez ("Perez") appeals his conviction following a jury trial of Level 6 felony resisting law enforcement[1] and Class C misdemeanor reckless driving.[2] He argues that there is insufficient evidence to support his convictions. Concluding that the evidence is sufficient, we affirm Perez's convictions for resisting law enforcement and reckless driving.

We affirm.

# Issues

1. Whether there is sufficient evidence to support Perez's resisting law enforcement conviction.

2. Whether there is sufficient evidence to support Perez's reckless driving conviction.

# Facts

In September 2015, Indianapolis Metropolitan Police Department Officer Thomas McGraw ("Officer McGraw") worked off-duty at Ivy Tech Community College in Indianapolis. On September 3, while patrolling an Ivy Tech parking lot, Officer McGraw noticed a Honda motorcycle with a bent license plate. Because the plate was bent, the number on it could not be read

---

[1] IND. CODE § 35-44.1-3-1.

[2] I.C. § 9-21-8-52.

from behind the motorcycle. Upon closer examination, Officer McGraw noticed that the number on the license plate did not match the number on the expiration sticker. Officer McGraw ran the two numbers on his computer and learned that the number on the license plate was registered to a Suzuki motorcycle registered in the name of Andrew Perez in Indianapolis. However, the number on the sticker was registered to a Toyota vehicle that was not a motorcycle. Officer McGraw also ran the motorcycle's vehicle identification number and learned that it was registered to a Franklin, Indiana address.

[4] While Officer McGraw was running the numbers on the computer, he saw Perez, who was carrying a motorcycle helmet, exit one of the classroom buildings. When Perez saw Officer McGraw, Perez turned around and re-entered the building. Officer McGraw went inside the building to look for Perez and question him about the registration and license plate irregularities. However, Perez had already made his way back outside and was walking between parked cars toward the motorcycle. Perez bent down behind a minivan to put on his helmet while looking in the direction of Officer McGraw's car. Perez then ran "full tilt" to the motorcycle. (Tr. 63).

[5] When Officer McGraw saw Perez running to the motorcycle, the officer held up his hand and yelled "stop, police" several times. (Tr. 63). Perez lifted the visor on his helmet, looked at the officer, and yelled, "Why?" (Tr. 64). Officer McGraw responded that he needed to see Perez's registration. Perez, however, drove away "at a high rate of speed." (Tr. 64). Perez was going so fast that his momentum carried him across the center line into the opposing lane of traffic as

he pulled onto 26ᵗʰ Street. Perez then turned onto Illinois Street, where the "speed limit was 35 and traffic was going about – most of the traffic was 35 to 40 or 45. [Perez] was passing them like they were standing still." (Tr. 95). Officer McGraw was afraid for Perez's safety "as well as the students walking or cars on Illinois because he was going very fast." (Tr. 71). According to Officer McGraw, Perez was "without question" endangering others on the road. (Tr. 71).

[6] After a short investigation, Officer McGraw was able to identify Perez. The State charged Perez with Level 6 felony resisting law enforcement, Class C misdemeanor reckless driving, Class C infraction driving with an expired plate, and Class C infraction operating a vehicle with a registration number belonging to a different vehicle. Before trial, Perez admitted that he had committed the two infractions. He was subsequently convicted by the jury of the misdemeanor and felony offenses. He now appeals those convictions.

# Decision

[7] Perez argues that there is insufficient evidence to support his resisting law enforcement and reckless driving convictions. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a

reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

### 1. Resisting Law Enforcement

[8] Perez first argues that there is insufficient evidence to support his conviction for resisting law enforcement. In order to convict Perez of Level 6 felony resisting law enforcement, the State had the burden to prove beyond a reasonable doubt that Perez used a vehicle to flee from Officer McGraw after the officer identified himself by visible or audible means and ordered Perez to stop. *See* I.C. § 35-44.1-3-1(a)(3) and (b)(1)(A). In addition, the "government's seizure of [Perez had to] rest on specific, articulable facts that [led Officer McGraw] to reasonably suspect that criminal activity [was] afoot." *Gaddie v. State*, 10 N.E.3d 1249, 1253 (Ind. 2014).

[9] Perez argues that the "order to stop in this case was not based on any indication or even suspicion of criminal activity." (Perez's Br. 9). Perez apparently believes that Officer McGraw's investigation concerning the registration and license plate irregularities, which were infractions, did not satisfy the reasonable suspicion of criminal activity contemplated by *Gaddie*. However, as the State points out, a "police officer is constitutionally permitted to stop and briefly detain a person who has committed a traffic infraction." (State's Br. 10). *See* INDIANA CODE § 34-28-5-3 (explaining that when a law enforcement officer believes in good faith that a person has committed an infraction, the officer may detain that person); *State v. Quirk*, 842 N.E.2d 334, 340 (Ind. 2006) (explaining

that a police officer may stop a vehicle if he observes a minor traffic violation such as an unilluminated headlight); *Datzek v. State*, 838 N.E.2d 1149, 1154 (Ind. Ct. App. 2005) (explaining that an officer may briefly detain a person whom the officer believes has committed an infraction such as failure to use a signal before turning), *trans. denied*. Officer McGraw had reasonable suspicion to order Perez to stop. We therefore find sufficient evidence to support Perez's conviction for resisting law enforcement.

## 2. Reckless Driving

[10] Perez also argues that there was insufficient evidence to support his conviction for reckless driving. Perez has waived appellate review of this argument because his one-paragraph argument is supported neither by citation to authority nor cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[11] Waiver notwithstanding, we find no error. In order to convict Perez of Class C misdemeanor reckless driving, the State had the burden to prove beyond a reasonable doubt that Perez operated a vehicle and recklessly drove at an unreasonably high rate of speed under such circumstances as to endanger the safety or property of others and/or block the proper flow of traffic. *See* I.C. § 9-21-8-52(a)(1).

[12] Here, our review of the record reveals that Officer McGraw testified that Perez drove away on his motorcycle at a high rate of speed. According to Officer McGraw, Perez was going so fast that his momentum carried him across the center lane of traffic as he pulled onto 26th Street. Perez then turned onto Illinois Street, where he was passing cars that were doing the speed limit "like they were standing still." (Tr. 95). Officer McGraw was afraid for the safety of Perez, the students walking on campus, and the cars on Illinois Street. Officer McGraw testified that McGraw was "without question" endangering others on the road. (Tr. 71). This evidence is sufficient to support Perez's conviction of reckless driving.

[13] Affirmed.

Kirsch, J., and Bailey, J., concur.